IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK HAGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:21-cv -1358 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HARLAND CLARKE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Doc. 12) will be granted for the reasons described below.

Defendant employed Plaintiff from on or about October 15, 2018, until on or about July 1, 2021.  Amend. Compl. ¶ 14.  Plaintiff, born in 1961, was 57 years old when he commenced his employment with Defendant, and 60 years old upon termination.  *Id.* ¶¶ 14-15.  At Count IV of the Amended Complaint, Plaintiff asserts that Defendant terminated his employment to interfere with his receipt of health insurance benefits under Defendant's group health insurance plan, in violation of Sections 502 and 510 of the Employee Retirement Income Security Act ("ERISA").  *Id.* ¶¶ 79-82.  Defendant filed a Motion to Dismiss Count IV pursuant to Federal Rule of Civil Procedure 12(b)(6) and briefing in support (Docs. 13-14, 20), arguing that Plaintiff did not plead sufficient facts to satisfy the "specific intent" element of his ERISA interference

claim, and, therefore, Count IV fails to state a claim upon which relief can be granted. Defendant opposes Plaintiff's Motion (Doc. 19).[1]

Section 510 of ERISA makes it unlawful for an employer "to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.  In order to plead a successful interference claim under Section 510, the complaint must allege sufficient facts to demonstrate that a defendant had the "specific intent" to interfere with the plaintiff's exercise of rights or receipt of benefits under an ERISA plan.  Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007), as amended (May 31, 2007) (citing Gavalik v. Continental Can Co., 812 F.2d 834, 852 (3d Cir. 1987)); *see also* DiFederico v. Rolm Co., 201 F.3d 200, 205 (3d Cir.2000) (plaintiffs must show that "the employer made a conscious decision to interfere with the employee's attainment of . . . additional benefits").  Proof that termination prevented an employee from accruing additional ERISA benefits "alone is not probative of intent," nor is mere proof that an employee lost benefits because of termination.  Id.  Further, although "specific intent may be shown by circumstantial evidence," a plaintiff "cannot survive a motion to dismiss by offering only conclusory, unsupported allegations made upon information and belief.  Such allegations, without more, fail to demonstrate [a] plausible entitlement to relief."  Woerner v. FRAM Grp. Operations, LLC, No. CIV.A. 12-6648 SRC, 2013 WL 1815518, at *5 (D.N.J. Apr. 29, 2013).

In the cases on which Plaintiff relies in opposition, the factors the courts considered in determining that enough facts were pleaded included, *inter alia*: the timing of the termination;

---

[1] Defendant filed a similar Motion to Dismiss Count IV of Plaintiff's original Complaint, to which Plaintiff responded by filing the instant Amended Complaint.  (Docs. 8, 12).

2

health insurance expenses incurred or set to be incurred by the employer due to specific medical conditions; and misrepresentation of benefits and/or false reasons given for termination. *See, e.g.,* Pailleret v. Jersey Const., Inc., No. CIV.09-1325(RBK/JS), 2010 WL 143681, at *3 (D.N.J. Jan. 11, 2010) (adverse employment actions occurred shortly after plaintiff submitted substantial reimbursement claims for his wife's newly diagnosed breast cancer and evinced an intent to invoke his benefits again); Smith v. W. Manheim Twp., No. 1:11-CV-778, 2012 WL 3779651, at *3–4 (M.D. Pa. Aug. 31, 2012) (plaintiff's employment terminated ten months before he would have been eligible for his retirement and ERISA benefits); Jenkins v. Union Labor Life Ins. Co., No. 10-7361, 2011 WL 3919501, at *6 (E.D. Pa. Sept. 7, 2011) (employer misled employees about vesting requirements for defined benefit plan and terminated them three months before they would have vested in the plan).

Unlike the cases cited above, the Amended Complaint is devoid of factual allegations – such as unusual timing, misrepresentation of benefits or a costly medical condition or diagnosis – specific to Plaintiff that differentiate him from other Plan participants or otherwise suggest specific intent. Indeed, the only assertions the Amended Complaint adds are generalized suspicions about Defendant's motivations based on a theory that older employees generally incur higher health benefit expenses. *See* Amend. Compl. (Doc. 12) ¶¶ 19–23, 37-48 (alleging, *inter alia*, that "the costs borne by Defendant of sponsoring the Plan are directly related to the age of the individuals covered by the Plan," that "the older the average age of the individuals covered by the Plan the more expensive the Plan becomes," that "Defendant knows this and is motivated by this fact in making decisions about which employees to hire, which employees to retain and which employees to terminate from employment," and that "Defendant acted on this understanding, and with this motive, in terminating Plaintiff"). The Court disagrees that such

allegations suffice. To hold otherwise would, as Defendant states, "open the floodgates" for nearly every group health plan participant, over a certain age, to assert a viable ERISA interference claim. *See* Doc. 12 at 8.

Likewise, the addition in the Amended Complaint of conclusory assertions that "Defendant had the specific intent in terminating Plaintiff of denying him the continued receipt of medical benefits under the Plan," Doc. 12 ¶¶ 46, 80, are mere legal conclusions insufficient to survive a motion to dismiss. *See* Schobert v. CSX Transportation Inc., 504 F. Supp. 3d 753, 782 (S.D. Ohio 2020) ("Nor can Plaintiffs fix this problem by adding the modifier 'specific' to the legal assertion in their Complaint that [the employer] acted with the requisite 'intent' required for these type [of] ERISA claims. The problem is not that the Complaint omits the phrase 'specific intent,' but rather that it lacks any *facts* giving rise to a plausible inference that [the employer] acted with that intent. Without such facts, a bare allegation that [the employer] acted with 'specific intent' is exactly the kind of legal conclusion that the *Iqbal/Twombly* line of cases prohibits the Court from considering."). *See generally* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

For all of these reasons, Defendant's Motion to Dismiss (**Doc. 13**) is **GRANTED**, and Count IV of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Although the Court has significant doubts regarding Plaintiff's ability to cure the deficiencies, it nevertheless will afford him one final opportunity for amendment (as to Count IV only). Given that Plaintiff already has amended his complaint once, he must make last, best efforts to state a viable claim, because further opportunity will not be provided. Should Plaintiff wish to file a second amended complaint, he shall do so by December 30, 2022. If no such amended pleading is timely filed,

dismissal of Count IV will be converted to one with prejudice, and the case will proceed on Plaintiff's remaining claims.

      IT IS SO ORDERED.

December 15, 2022                                         s\Cathy Bissoon
                                                                Cathy Bissoon
                                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record